Stuart J. West, SBN 202041
West & Associates, A PC
190 N. Wiget Lane, Suite 280
Walnut Creek, CA  94598
925.262.2220
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mai Zong Her and Art Tucay Jr., | ) Case No.: |
| Plaintiffs, | ) Complaint for Copyright Infringement and ) Unfair Competition |
| vs. | ) |
| Tua Cha DBA Mongolian Monuments, | ) |
| Does 1-20 | ) |
| Defendants | |

Plaintiffs, Mai Zong Her and Art Tucay Jr., (hereinafter, "Plaintiffs") by and through their undersigned counsel, for their Complaint against Defendant Tua Cha DBA Mongolian Monuments, (hereinafter, "Defendant") state the following.  Allegations made on belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## COMPLAINT

1. Plaintiffs Mai Zong Her and Art Tucay Jr. are individuals with an address in Felton, CA in Santa Cruz County.

2. Upon information and belief, Defendant Tua Cha is an individual doing business as Mongolian Monuments with a principal address at 1366 N Sierra Vista Avenue, Fresno, CA  93703.

3. Upon information and belief, Defendant sold and/or distributed products covered by Plaintiff's copyright into the Eastern District of California.

4. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. §101, et seq., hereinafter referred to as the "Act."  Jurisdiction is founded on Sections 1331 and 1338(a) of the Judicial Code (28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367).

5. Venue is conferred by § 1391(b)(2) of the Judicial Code (28 U.S.C. § 1391(b)(2).

## OPERATIVE FACTS

6. Plaintiffs filed a Copyright application for Yer Fang Headstone Design with an effective registration date of August 24, 2023, and it was assigned registration number VA 2-374-709.

7. Plaintiffs' headstone design was included in the Copyright application with an effective registration date of August 24, 2023, and is copyrightable subject under the laws of the United States.  A copy of the registration certificate and the drawings included with the copyright application are attached as Exhibit A.

8. Plaintiffs hired Defendant to produce a headstone based on Plaintiffs' copyrighted designs.

9. In July of 2021 and January of 2022, Plaintiffs sent Defendant their designs for a headstone.

10. In April of 2023, Plaintiffs contacted Defendant and asked Defendant to confirm that any orders, outside of their own, for their headstone design would not be fulfilled and that clients would be told that the design was special order.

11. Defendant has displayed Plaintiffs' headstone design in a showroom in Fresno, California.  See Exhibit B.

12. Upon information and belief, Defendant has offered Plaintiffs' designs to other clients and provided these other clients with quotes for headstones using Plaintiffs' designs.

13. Upon information and belief, Defendant has offered a headstone with Plaintiffs' design for sale in a showroom in Fresno, California.

14. Plaintiffs designed their headstone to be distinctive.

15. Plaintiffs allege extreme similarity between Plaintiffs' headstone design and Defendant's product.

16. Plaintiffs shared their headstone design with Defendant.

17. Defendant had access to Plaintiffs' design.

18. Defendant is aware that Plaintiffs designed the headstone that is the subject of Copyright registration number VA 2-374-709.

19. Defendant has displayed Plaintiffs' headstone design in Defendant's showroom.

20. Defendant unlawfully copied Plaintiffs' headstone design.

21. Defendant willfully copied Plaintiffs' headstone design.

22. Defendant's product in this complaint infringes Plaintiffs' copyright.

23. Defendant's products are substantially similar to Plaintiffs' headstone design, exuding the same overall appearance as Plaintiffs' headstone design.

24. Defendant's product is strikingly similar to Plaintiffs' headstone design, exuding the same overall appearance as Plaintiffs' headstone design.

25. Defendant intentionally copied Plaintiffs' headstone design.

26. Plaintiffs suffered damages from sales as a result of Defendant's production and sale of Defendant's products.

27. The multiplicity of similarities between Plaintiffs' headstone design and Defendant's product evidence a conscious intent by Defendant to imitate and copy Plaintiffs.

28. Defendant's actions were to take advantage of Plaintiffs' financial gain by the manufacturing and distribution of Plaintiffs' designs.

29. Plaintiffs lost sales due to Defendant's infringement.

30. Plaintiffs were harmed by lost sales.

31. Plaintiffs' sale and distribution of its works and derivative works were damaged by Defendant's copyright infringement.

32. Plaintiffs have lost revenue from Defendant's unlawful and willful copying of Plaintiffs' designs.

33. Plaintiffs and Defendant have had previous discussions regarding Defendant unlawfully copying Plaintiffs' designs.

## COUNT ONE - COPYRIGHT INFRINGEMENT

34. Paragraphs 1 through 33 are incorporated herein as though set forth in their entirety.

35. Plaintiffs are the owners of all right, title and interest in Plaintiffs' designs.

36. Defendant unlawfully copied Plaintiffs' designs.

37. Defendant willfully copied Plaintiffs' designs.

38. Defendant's product referenced in this complaint infringes Plaintiffs' copyright.

39. Defendant's products are substantially similar to Plaintiffs' headstone design, exuding the same overall appearance as Plaintiffs' copyrighted material.

40. Defendant's product is strikingly similar to Plaintiffs' headstone design, exuding the same overall appearance as Plaintiffs' copyrighted material.

## COUNT TWO – UNFAIR COMPETITION

41. Paragraphs 1 through 40 are incorporated herein as though set forth in their entirety.

42. Defendant is unlawfully copying Plaintiffs' headstone design, which has contributed to the dilution of the distinctive quality of Plaintiffs' works in the marketplace.

43. Defendant is willfully copying Plaintiffs' headstone design, which has contributed to the dilution of the distinctive quality of Plaintiffs' works in the marketplace.

44. Plaintiffs' sale and distribution of their works and derivative works are prejudiced by Defendant's copyright infringements.

45. Plaintiffs have lost revenue from Defendant's unlawful and willful copying of Plaintiffs' headstone design.

46. Defendant, by its unauthorized appropriation and use of Plaintiffs' copyrighted works, has and is engaging in acts of unfair competition on Plaintiffs' goodwill and the public's acceptance of Plaintiffs' designs, all to Plaintiffs' irreparable damage.

47. Defendant, by its unauthorized appropriation and use of Plaintiffs' copyrighted works, has and is engaging in acts of unlawful appropriation on Plaintiffs' goodwill and the public's acceptance of Plaintiffs' designs, all to Plaintiffs' irreparable damage.

48. Defendant, by its unauthorized appropriation and use of Plaintiffs' copyrighted works, has and is engaging in acts of unjust enrichment on Plaintiffs' goodwill and the public's acceptance of Plaintiffs' designs, all to Plaintiffs' irreparable damage.

49. Defendant, by its unauthorized appropriation and use of Plaintiffs' copyrighted works, has and is engaging in acts of wrongful deception of the purchasing public, on Plaintiffs' goodwill and the public's acceptance of Plaintiffs' designs, all to Plaintiffs' irreparable damage.

50. Defendant, by its unauthorized appropriation and use of Plaintiffs' copyrighted works, has and is engaging in acts of unlawful trading on Plaintiffs' goodwill and the public's acceptance of Plaintiffs' designs, all to Plaintiffs' irreparable damage.

**WHEREFORE, Plaintiff prays:**

A. Defendant be enjoined during the pendency of this action and permanently thereafter from copying and using Plaintiffs' copyrighted works;

B. Defendant be enjoined during the pendency of this action and permanently thereafter from producing, selling, and distributing its infringing products to the public;

C. Defendant be ordered to pay to Plaintiffs all damages suffered by Plaintiffs due to their unlawful acts, with prejudgment interest, as well as account for and pay to Plaintiffs all gains and profits that they have enjoyed at Plaintiffs' expense and that such damages include Plaintiffs' costs and attorney's fees. At present, Plaintiffs cannot ascertain the full extent of their damages and lost profits;

D.  Defendant be ordered to pay damages under Title 17 of the United States Code § 504(c) provides that in a case of willful infringement, a court may award up to the sum of $150,000 in damages for each infringement, as well as full court costs and reasonable attorney's fees.

E.  Such other relief as the equities of the case may require and as this Court may deem just and proper under the circumstances; and

F.       A trial by jury.

Dated this 30th day of May, 2025

/s/ Stuart J. West
Stuart J. West
CA SBN 202041
West & Associates, A PC
190 N. Wiget Lane
Suite 280
Walnut Creek, CA  94598
925.262.2220

Exhibit A

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

# VA 2-374-709

**Effective Date of Registration:**
August 24, 2023
**Registration Decision Date:**
December 12, 2023

---

## Title

| | |
|---|---|
| **Title of Work:** | Yer Fang Headstone Design |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2021 |
| **Date of 1st Publication:** | April 16, 2023 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| • **Author:** | Mai Zong Her |
| **Author Created:** | 2-D artwork |
| **Work made for hire:** | No |
| **Domiciled in:** | United States |
| | |
| • **Author:** | Art Tucay Jr. |
| **Author Created:** | 2-D artwork |
| **Work made for hire:** | No |
| **Domiciled in:** | United States |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Mai Zong Her<br>17265 Debbie Road, Los Gatos, CA, 95033, United States |
| **Copyright Claimant:** | Art Tucay Jr.<br>17265 Debbie Road, Los Gatos, CA, 95033, United States |

## Rights and Permissions

| | |
|---|---|
| **Name:** | Mai Zong Her |

**Email:** maizong.her@gmail.com

## Certification

**Name:** Stuart J. West
**Date:** August 24, 2023
**Applicant's Tracking Number:** HERMA-31001

**Correspondence:** Yes
**Copyright Office notes:** Regarding basis for registration: Registration does not extend to any useful article depicted in the registered work. Registration extends to deposited drawing only. 17 USC 101, 102(a), and 113.















EXHIBIT B

Plaintiffs' Design on Display in Defendant's Showroom

